UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO ARAGONES,<br><br>    Plaintiff,<br><br>    v.<br><br>SEQUIUM ASSET SOLUTIONS, LLC,<br><br>    Defendant. | Case No. 1:25-cv-00744-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF No. 2)<br><br>OBJECTIONS, IF ANY,<br>DUE WITHIN 30 DAYS |

      Plaintiff Reynaldo Aragones is proceeding *pro se* against Sequium Asset Solutions, LLC, due to alleged erroneous reporting of his debt. (ECF No. 1). Along with his complaint, Plaintiff also filed an application to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. (ECF No. 2).

      The Court normally requires a $405 filing fee for a civil action. However, a federal statute, 28 U.S.C. § 1915, permits a plaintiff to commence a lawsuit without prepaying a filing fee. This statute permits a court to "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets

such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).[1]

Here, Plaintiff requests that the Court grant him IFP status. However, Plaintiff's IFP application indicates that Plaintiff has gross wages of $6,463.00 and take-home pay after taxes of $4260.09. (ECF No. 2 at 1). The application also indicates that Plaintiff has $1,400.00 in checking and savings. (*Id.*). These funds—especially Plaintiff's monthly wages—are sufficient to pay the filing fee in this action.

Therefore, the Court will recommend that Plaintiff's application to proceed *in forma pauperis* be denied and that Plaintiff be required to pay the filing fee of $405.00 for this action in full.

Accordingly, **IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) be denied;
2. Plaintiff be ordered to pay the $405 filing fee in full should he want to proceed in this case; and
3. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate

---

[1] The Ninth Circuit has held that 28 U.S.C. § 1915(a)(1) applies to all applicants for in *forma pauperis* status, both prisoners and non-prisoners. *Hymas v. United States DOI*, 73 F.4th 763, 767 (9th Cir. 2023) ("[N]otwithstanding the carve-out for *prisoners*, the portion of the IFP statute authorizing courts to waive fees for persons "unable to pay" remains largely unchanged from the previous version. The PLRA therefore did not alter the courts' discretion regarding filing fees as to *non-prisoners*." (emphasis in original)); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (provisions of § 1915 apply to non-prisoner litigants). Moreover, many district courts apply 28 U.S.C. § 1915(a)(1) to non-prisoner lawsuits. *See, e.g., Jones v. Waypoint Res. Grp. LLC*, No. 3:23-cv-06088-TMC, 2024 WL 532356, at *1 n.1 (W.D. Wash. Jan. 3, 2024) ("[Section] 1915(a)(1) applies to both prisoners and to non-prisoners who make a motion to proceed IFP.").

1  Judge's Findings and Recommendations." Any objections shall be limited to no more than 15
2  pages including exhibits.
3      Plaintiff is advised that failure to file objections within the specified time may result in
4  the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014)
5  (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 9, 2025**         /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE