**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REYNALDO ARAGONES,<br><br>Plaintiff,<br><br>v.<br><br>SEQUIUM ASSET SOLUTIONS, LLC.,<br><br>Defendant. | Case No. 1:25-cv-0744 JLT EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DIRECTING PLAINTIFF TO PAY THE FILING FEE WITHIN 21 DAYS<br><br>(Docs. 2, 4) |

Reynaldo Aragones seeks to hold Sequium Asset Solutions liable for violations of the Fair Debt Collection Practices Act, asserting the company erroneously and/or inaccurately reported his debt and credit history. (Doc. 1 at 5-6.) Plaintiff requests to proceed *in forma pauperis*, and provided information regarding his wages, expenses, and debts. (Doc. 2.) The magistrate judge reviewed the provided information—including Plaintiff's representations that his take-home pay was $4,260.09 per month and he had $1,400 in a bank account—and found Plaintiff had "sufficient [funds] to pay the filing fee in this action." (Doc. 4 at 2.) Therefore, the magistrate judge recommended the Court deny Plaintiff's application to proceed *in forma pauperis*. (*Id.*)

Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 5.) Plaintiff acknowledges that he "reported a savings balance of $1,400 and monthly gross income of $6,463." (*Id.* at 1.) However, Plaintiff asserts that "these savings have now been depleted due to essential living costs, leaving [him] financially unable to pay the $405 filing fee." (*Id.*)

According to Plaintiff, he is "unable to allocate any funds toward court fees without sacrificing basic needs." (*Id.*) Plaintiff filed bank account statements that reflected a current balance of $397.28 on July 17, 2025. (*Id.* at 3.)

The Court evaluates an application to proceed *in forma pauperis* based upon the income and funds available to a plaintiff at the time a complaint is filed. Expenditure of funds *after* filing does not support a claim of indigency at the time of filing. *See Jaramillo v. Burnes*, 2023 WL 2575663, at *1 (E.D. Cal. Mar. 20, 2023). As Plaintiff plainly acknowledges, he had sufficient funds to pay the fee when he filed the complaint. His subsequent expenditures—which include several ATM transactions and withdrawals for hundreds of dollars (*see* Doc. 5 at 3 6)—do not support a claim of indigency.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of the case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. As the magistrate judge found, Plaintiff's monthly net income of over $4,200 appears sufficient for him to pay the filing fee and still afford necessities. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (a litigant shows indigency when "unable to pay for the court fees and costs, and to provide necessities for himself and his dependents"). Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated July 9, 2025 (Doc. 4) are **ADOPTED**.
2. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is **DENIED**.
3. Plaintiff **SHALL** pay the $405.00 filing fee in full **within 21 days** of the date of service to proceed with this action.

**Failure to pay the filing fee as ordered will result in the Court dismissing the action without prejudice.**

IT IS SO ORDERED.

Dated:   **August 14, 2025**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

2