**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REYNALDO ARAGONES, | Case No.: 1:25-cv-0744 JLT EPG |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (Doc. 7)) |
| UNIFIED DISTRICT SCHOOL CLOVIS, et al., | |
| Defendants. | |

Reynaldo Aragones seeks to hold Sequium Asset Solutions liable for violations of the Fair Debt Collection Practices Act, asserting the company erroneously and/or inaccurately reported his debt and credit history. (Doc. 1 at 5-6.) Plaintiff requested to proceed *in forma pauperis*. (Doc. 2.) However, the Court found Plaintiff had the ability to pay the filing fee in full and denied the motion to proceed *in forma paupers*. (Docs. 4, 6.) After the Court directed Plaintiff to pay the filing fee to proceed with the action, Plaintiff filed the pending motion for reconsideration. (Doc. 7.)

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.* Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence…;
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks, citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted) (emphasis in original). Further, Local Rule 230(j) requires a movant to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

To the extent Plaintiff seeks reconsideration of the Court's order denying his application to proceed *in forma pauperis*, Plaintiff fails to show any reason under Rule 60(b) supports this request. Plaintiff does not dispute the finding of the Court—based upon Plaintiff's own report—that his monthly take-home pay was $4,260.09 and he had $1,400 in a bank account when he filed this action. (*See* Doc. 6 at 2; Doc. 2 at 1-2.) As the Court previously explained, an application to proceed *in forma pauperis* is evaluated based upon the income and funds available to a plaintiff *at the time a complaint is filed*. The expenditure of funds after filing does not support a claim of indigency at the time of filing. *See Jaramillo v. Burnes*, 2023 WL 2575663, at *1 (E.D. Cal. Mar. 20, 2023). It is indisputable that

Plaintiff had sufficient funds to pay the fee when he filed the complaint. Thus, Plaintiff fails to show reconsideration is warranted under Rule 60(b).

Plaintiff also argues the merits of his case and attaches exhibits that he contends "demonstrate the legal merit of [his] claims under the Fair Debt Collection Practices Act … and related statutes." (Doc. 7 at 2.) However, the Court has neither screened the allegations of the complaint nor made any determination as to the merits. The matter will not proceed to a screening unless the filing fee is paid. Any arguments related to Plaintiff's claims are irrelevant at this stage of the litigation.

Ultimately, Plaintiff fails to invoke any basis under Rule 60(b) for reconsideration of the Court's order. Plaintiff does not identify any factual or legal mistake in the Court's analysis concerning his ability to pay the filing fee when he initiated this action. Plaintiff also does not identify any new evidence or a change in controlling law to support reconsideration of the Court's order. Rather, his arguments appear based on his general disagreement with the ruling, which is insufficient to support a request for reconsideration. *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision"). Thus, the Court **ORDERS**:

1. Plaintiff's motion for reconsideration (Doc. 7) is **DENIED**.
2. Plaintiff **SHALL** pay the filing fee **within 14 days** of the date of service of this order to proceed with this action.

**Failure to pay the filing fee as ordered will result in dismissal of this action without prejudice.**

IT IS SO ORDERED.

Dated:    **September 17, 2025**

_____
UNITED STATES DISTRICT JUDGE